**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MICHAEL FERGUSON, *et al.*,**

**Plaintiffs,**

**v.**

**STATE FARM FIRE AND CASUALTY COMPANY,**

**Defendant.**

**Case Number 2:25-cv-243**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Chelsey M. Vascura**

**<u>OPINION AND ORDER</u>**

This matter is before the Court on Defendant State Farm Fire and Casualty Company's Motion for Partial Summary Judgment. (ECF No. 11.) Plaintiffs Michael and Patricia Ferguson filed a response in opposition (ECF No. 17), and State Farm filed a reply in support (ECF No. 18). For the reasons stated in this Opinion and Order, State Farm's Motion is **GRANTED**. (ECF No. 11.)

**BACKGROUND**

This case stems from an insurance claim for hail and wind damage to Plaintiffs' residence in Logan County, Ohio. (*See* ECF No. 1.) At the time of the alleged damage, Plaintiffs had a homeowners insurance policy on the property issued by State Farm. (*Id.*; ECF No. 1-1.) Plaintiffs allege that in March 2024, the property sustained wind and hail damage to the roof, siding, vents, gutters, and the shed. (ECF No. 1, ¶ 10.) Plaintiffs subsequently submitted an insurance claim to State Farm. (*Id.* ¶ 11.)

In April 2024, David James, an independent adjuster, completed an inspection of Plaintiff's property on behalf of State Farm. (James Dep., ECF No. 11-2, PageID 121; Estimate, ECF No. 11-2, PageID 131–39.) Mr. James inspected the exterior of the home and the shed.

(James Dep., PageID 122.) He inspected the roof by conducting a test square on each directional slope by marking off a 10-by-10-foot area (100 square feet total) on each slope and evaluating each area for hail damage. (*Id.* PageID 123–24.) Specifically, he looked for damage to the shingle that would "impair its water-shedding ability," particularly tears in the shingle. (*Id.* PageID 124, 126.) He also looked for granule loss caused by hail and found none. (*Id.* PageID 124–25.) Ultimately, Mr. James found no storm-related damage to the shingles. (*Id.* PageID 123, 125.)

Mr. James did identify damage to other parts of the property and prepared an estimate. (*Id.* PageID 127; Estimate, PageID 131–39.) After subtracting the deductible and depreciation, the total estimate of the claim equaled $417.93. (Estimate, PageID 133.) State Farm issued a payment based on Mr. James's inspection. (Ward Dep., ECF No. 11-3, PageID 143.) Plaintiffs allege they have an estimate for the storm-related damage in the amount of $133,620.59 (replacement cost value)/$95,572.39 (actual cash value) that State Farm refuses to pay. (ECF No. 1, ¶ 10.)

Plaintiffs filed this lawsuit alleging that State Farm failed to conduct a reasonable investigation and wrongfully processed their insurance claim. (*See generally id.*) They bring claims for breach of contract and bad faith, and seek judgment for the full value of losses and damages to the property totaling at least $96,572.39, compensatory damages, punitive damages, attorneys' fees and costs, and pre- and post-judgment interest. (*Id.*)

After the parties conducted discovery, State Farm filed a Motion for Partial Summary Judgment. (ECF No. 11.) Plaintiffs filed a response in opposition (ECF No. 17), and State Farm filed a reply in support (ECF No. 18).

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of showing that the nonmoving party lacks evidence to support an essential element of its claim. *Berryman v. SuperValu Holdings, Inc.*, 669 F.3d 714, 716–17 (6th Cir. 2012); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting Fed. R. Civ. P. 56).

A genuine issue of material fact exists if the nonmoving party can present "significant probative evidence" to show that there is more than "some metaphysical doubt as to the material facts." *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 851 (6th Cir. 2017) (quoting *Moore v. Philip Morris Cos. Inc.*, 8 F.3d 335, 340 (6th Cir. 1993)). "The key issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Constr., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Liberty Lobby*, 477 U.S. at 251–52).

## ANALYSIS

State Farm moves for summary judgment on Plaintiff's bad-faith claim, as well as their request for punitive damages and attorneys' fees. (ECF No. 11, PageID 95.)

In Ohio,[1] insurance companies owe their policyholders a "duty to act in good faith in the handling and payment of claims of its insured." *Hoskins v. Aetna Life Ins. Co.*, 452 N.E.2d

[1] As a federal court sitting in diversity, the Court applies the substantive law of Ohio, the state in which it sits. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001).

1315, 1319 (Ohio 1983); *see also Zoppo v. Homestead Ins. Co.*, 644 N.E.2d 397, 400 (Ohio 1994). An insurer "fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." *Zoppo*, 644 N.E.2d at 400 (quoting *Staff Builders, Inc. v. Armstrong*, 525 N.E.2d 783, 788 (Ohio 1988)). The test "is not whether the defendant's conclusion to deny benefits was correct, but whether the decision to deny benefits was arbitrary or capricious, and there existed a reasonable justification for the denial." *Thomas v. Allstate Ins. Co.*, 974 F.2d 706, 711 (6th Cir. 1992) (citing Ohio cases).

The burden of establishing bad faith is on the insured. *Zeidler v. Allstate Vehicle & Prop., Ins. Co*., No. 1:24CV621, 2026 WL 1753500, at *3 (N.D. Ohio June 9, 2026). "A court may grant summary judgment to the insurer if, after viewing the evidence in the light most favorable to the insured, it finds 'that the claim was fairly debatable and the refusal was premised on either the status of the law at the time of the denial or the facts that gave rise to the claim.'" *Werner v. Progressive Preferred Ins. Co.*, 310 F. App'x 766, 769 (6th Cir. 2009) (quoting *Tokles & Son, Inc. v. Midwestern Indem. Co.*, 605 N.E.2d 936, 943 (Ohio 1992)). To withstand a motion for summary judgment on bad faith, a plaintiff must present "evidence which tends to show that the insurer had no reasonable justification" for its handling of Plaintiffs' claim. *Id.* at 769–70 (quoting *Tokles*, 605 N.E.2d at 943).

State Farm asserts that it had a reasonable justification for its claim handling and decision. (ECF No. 11, PageID 103–04.) It acknowledges that there is a dispute as to whether the roof had hail damage but argues that does not mean its decision lacked reasonable basis or was arbitrary and capricious. (*Id.*)

In response, Plaintiffs argue that three factual disputes exist that preclude summary judgment on the bad-faith claim: (1) a contradiction in Mr. James's testimony about his inspection for granule loss; (2) Mr. James's methodology for inspecting for hail damage; and (3) an assessment by State Farm's corporate representative, Matthew Ward, of a photograph of indentations on a garage door frame. (ECF No. 17, PageID 162–63.)

Upon reviewing the record, the Court sees no genuine issue of material fact that State Farm's handling of the claim was unreasonable or arbitrary and capricious. Mr. James explained his methodology and reasoning for determining what constitutes hail damage. (James Dep., PageID 124–25.) Although Plaintiffs emphasize a contradiction in Mr. James's testimony, the Court does not see one. Mr. James testified that he generally does not look for granule loss when inspecting for hail damage because it can be caused by a variety of factors, but also that he inspected Plaintiffs' roof for granule loss caused by hail and found none. (James Dep., PageID 124–25.) When asked about the distinction between granule loss caused by hail and granule loss not caused by hail, he explained:

> Generally when a roof has granule loss, it exposes the shingle mat. The shingle mat is then weathered by, you know, weather events and also the sun. You know, as hail is a sudden occurrence – generally, the color of the shingles match. Shingles whose granules have been removed by hail, it's usually a different color.

(*Id.* PageID 125.) Plaintiffs present no evidence to the contrary or that Mr. James's perspective is flawed or unreasonable.

Plaintiffs next assert that Mr. James discounted recognized hail indicators, such as granule loss, and that his criteria for evaluating hail deviates from standard hail-evaluation practices. (ECF No. 17, PageID 162.) They contend that their contractor and engineer inspected the property and reached the opposite conclusion. (*Id.*) Yet, they have provided no evidence of the contractor's and engineer's assessments and conclusions—no estimate, report, testimony, or

other evidence. Without evidence, the Court cannot identify what criteria the contractor and engineer used to evaluate the roof, what damage they observed, or how their conclusions differed from Mr. James's. Plaintiffs' assertions alone are insufficient to conclude that Mr. James's criteria deviate from standard hail-evaluation practices.

Plaintiffs also point to a portion of Mr. Ward's deposition to show that State Farm's "denial was not based on an objective, reasonable investigation." (ECF No. 17, PageID 163.) In the deposition, Mr. Ward was shown a photograph of a garage door frame with three indentations. (Ward Dep., PageID 145.) Mr. Ward acknowledged that there were round indentations on the garage door frame but stated they were not consistent with hail damage because they "have a vertical line going through all three of them and they are all three in a straight line row." (*Id.*) Plaintiffs do not explain why or how this establishes that State Farm's claim decision was unreasonable. Although it may show that there is a dispute over what counts as hail damage, it does not show that State Farm's decision lacked reasonable justification or was arbitrary and capricious.

In sum, State Farm establishes that its handling of the claim had reasonable justification. Once State Farm received Plaintiffs' claim, it sent Mr. James to inspect Plaintiffs' property. Mr. James conducted an inspection and prepared an estimate and explained his reasoning in his deposition. The crux of Plaintiffs' arguments is that Mr. James's methodology for assessing hail damage is too narrow, but they present no evidence to the contrary. Thus, State Farm is entitled to summary judgment on the bad-faith claim.

State Farm also argues that it is entitled to summary judgment on the bad-faith claim because Plaintiffs do not identify any damages attributed to the alleged bad faith independent of the contractual damages they seek. (ECF No. 11, PageID 104–05.) Because the Court finds that

State Farm is entitled to summary judgment on the bad-faith claim on separate grounds, the Court does not consider this argument.

State Farm next asserts that it is entitled to summary judgment on Plaintiffs' claims for punitive damages and attorneys' fees. (*Id.* PageID 105–07.) "Punitive damages may be recovered against an insurer that breaches its duty of good faith in refusing to pay a claim of its insured upon proof of actual malice, fraud, or insult on the part of the insurer." *Zoppo*, 644 N.E.2d at 402 (quoting *Staff Builders*, 525 N.E.2d at syllabus). "Attorney fees may be awarded as an element of compensatory damages where the jury finds that punitive damages are warranted." *Id.* (quoting *Columbus Finance, Inc. v. Howard*, 327 N.E.2d 654, 658 (Ohio 1975)). Because the Court finds above that State Farm is entitled to summary judgment on the bad-faith claim, State Farm is also entitled to summary judgment on punitive damages and attorneys' fees. *See Thomas*, 974 F.2d at 712 n.6 ("Because no bad faith was shown, Thomas' claim for punitive damages was properly denied."); *Corbo Props. v. Seneca Ins. Co.*, 771 F. Supp. 2d 877, 884 (N.D. Ohio 2011).

**CONCLUSION**

For the reasons stated in this Opinion and Order, the Court **GRANTS** (ECF No. 11) Defendant State Farm Fire and Casualty Company's Motion for Partial Summary Judgment on Plaintiffs' bad-faith claim and requests for punitive damages and attorneys' fees. Plaintiffs' breach-of-contract claim remains.

This case remains open.

**IT IS SO ORDERED.**

**9/16/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**